UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| VENITO LYNN JOHNSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 1:07CV155 HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. No. 1], filed on November 2, 2007. The government has responded to the motion, to which Movant has replied. For the reasons set forth below, the Motion is denied without a hearing.

## Facts and Background

Movant was indicted on May 12, 2005 on one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On September 1, 2005, Movant appeared in open court and withdrew any motions previously filed and waived his right to file pretrial motions that same date.

Movant entered into a Plea Agreement and Stipulation of Facts with the government on April 11, 2006. Under the Plea Agreement, Movant agreed to plead guilty to the charge.

The parties stipulated and agreed that on May 5, 2005, Movant had previously been convicted of the following crimes, each punishable by a term of imprisonment exceeding one year:

> (1) On March 2, 1993, in the Circuit Court of Pemiscot County, Missouri, the defendant was convicted of the felony offense of Assault;
>
> (2) On August 16, 1994, in the Circuit Court of Pemiscot County, Missouri, the defendant was convicted of the felony offense of Stealing; and
>
> (3) On January 16, 1996, in the Circuit Court of Pemiscot County, Missouri, the defendant was convicted of the felony offense of Escape from Custody.

The parties further agreed that on May 5, 2005, a federal search warrant was executed at Movant's residence in Caruthersville, Missouri. The officers found and seized a Hi-Point, 9 mm. pistol at the residence. Movant admitted possession of that firearm to a confidential informant in a recorded conversation. The parties stipulated that the pistol had in fact been stolen. The parties further agreed "the pistol was manufactured in Ohio and affected interstate commerce prior to its discovery in Missouri."

Movant admitted in the Plea Agreement to knowingly violating Title 18, United States Code, Section 922(g)(1); that there is a factual basis for the plea; and that he fully understood the elements of the crime.

The plea agreement set forth the possible range of punishment which included a term of imprisonment not more than ten years, a fine of not more than $250,000, or both such imprisonment and fine.

Movant acknowledged and stated that he fully understood his right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pre-trial motions, including motions to suppress evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the entire case against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence; and the right to compel the attendance of witnesses. The defendant acknowledged and stated that he understood that by pleading guilty, he expressly waived all these rights.

Movant further acknowledged in the Plea Agreement that he understood he had the right to be represented by counsel at trial and every other stage of the proceeding.

Movant expressed satisfaction with the way in which he had been represented by counsel: he stated that he was fully satisfied with the representation received

from defense counsel and that Defense counsel had completely and satisfactorily explored all areas which he had requested relative to the government's case and any defenses. Movant acknowledged that no person had, directly or indirectly, threatened or coerced him to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty. He further acknowledged that he voluntarily entered into both the plea and the agreements, recommendations, and stipulations. He stated that the guilty plea was made of his own free will because he is, in fact, guilty of the charges.

On April 11, 2006, Movant appeared in open court, admitted his guilt and entered a plea of guilty. In so doing, Movant acknowledged the terms of the plea agreement and admitted to the factual statement contained in the plea agreement.

A Presentence Investigation Report was completed and recommended that the base offense level be set at 24, pursuant to Section 2K2.1(a)(2). As the firearm was stolen, two additional levels were added, pursuant to Section 2K2.1(b)(4). After a three level reduction for acceptance of responsibility pursuant to Section 3E1.1(a) and (b), the total offense level was set at 23.

Movant had nine prior convictions for which points were assessed:

(1) On March 2, 1993, Movant was sentenced to five years in the Missouri Department of Corrections for Assault in the Second Degree. He was placed on five years probation, and this probation was revoked

and the sentence was ordered executed. He was released on parole on
August 3, 1995, and was returned to custody on January 25, 1996. The
sentence was not completed until March 25, 1998.
The defendant attempted to cause physical injury to Ken Chastain and
Eugene Kenny by means of a deadly weapon.

(2) On August 16, 1994, he was sentenced to seven years in the
Missouri Department of Corrections for Felony Stealing. He was
released on an electronic monitoring program, however, he was
returned to custody on January 25, 1996. While on supervision,
Movant incurred violations for: using marijuana; failing to maintain
employment; failing to complete the electronic monitoring program;
failing to maintain residency; failing to report to the Probation Office
as directed; and absconding from supervision. While incarcerated, the
defendant incurred violations for disobeying an order, interfering with
account; and creating a disturbance on multiple occasions, as well as
theft, fighting, assault, and contraband.

(3) On January 16, 1996, the defendant was sentenced to two years in
the Missouri Department of Corrections for the felony offense of
Escape From Custody. While being held in custody after his arrest for
the felony of Unlawful Use of a Weapon, Movant escaped.

Johnson was assessed three criminal history points for each of these convictions.

Movant also earned six criminal history points for a series of traffic and drug-related misdemeanors, and an additional misdemeanor resisting arrest, committed between June 13, 2000 and November 19, 2004. Pursuant to U.S.S.G. §4A1.1(c), only four of these points counted against him. With a total of 13 criminal history points, his Criminal History Category was set at VI.

Based upon a total offense level of 23 and a Criminal History Category of VI,

the advisory guideline imprisonment range was 92 to 115 months. Movant filed an objection to the Presentence Report asserting that his Criminal History Category was overstated because his history was significantly less serious than that of most defendants in a Criminal History Category VI. Accordingly, he requested a downward departure. He asserted that his Criminal History Category was more properly aligned with that of a Criminal History Category IV.

The sentencing hearing was conducted on September 19, 2006. At the hearing, Movant's counsel stated that there were no objections to the factual conclusions set forth in the Presentence Investigation Report, other than a request for departure. The Court adopted the factual conclusions contained in the Presentence Investigation Report. The Court concluded that the total offense level was 23, and the appropriate Criminal History Category was VI, thereby establishing a guideline provision range of 92 to 115 months. Movant's counsel asked the Court to depart from the guideline range of 92 to 115 months. In light of Movant's extensive criminal history, the Court denied the motion for downward departure for an overstated criminal history. The Court sentenced Movant to a term of 96 months imprisonment.

Movant filed a Notice of Appeal with the United States District Court, Eastern District of Missouri, on September 29, 2006. On December 6, 2006,

Movant filed a motion to dismiss his appeal. The motion was signed by both his counsel of record and incorporating Movant's written request for dismissing the appeal, signed by "Venito Johnson" on December 5, 2006. The dismissal provided that Movant was, after having been advised of his rights and ramifications of dismissing his appeal by his attorney, deciding to withdraw his appeal; and he had instructed his attorney to dismiss the appeal.

## Standards for Relief Under 28 U.S.C. 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the

prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective

assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence

in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

Where a defendant raises multiple claims of ineffective assistance, each claim of ineffective assistance must be examined independently rather than collectively. *Hall v. Luebbers,296* F.3d 385, 692-693 (8th Cir.2002); *Griffin v. Delo,* 33 F.3d 895, 903-904 (8th Cir.1994).

### **Discussion**

When a defendant waives his appeal and post conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made. *DeRoo v. United States,* 223 F.3d 919, 923 (8th Cir.2000) (citing *United States v. Goings,* 200 F.3d 539, 543 (8th Cir.2000)).

Plea bargaining does not violate the Constitution, even though a guilty plea waives important constitutional rights. *Newton v. Rumery,* 480 U.S. 386, 393, (1987). It is well-settled that a defendant may affirmatively waive particular constitutional rights. *See Boykin v. Alabama,* 395 U.S. 238, 243 (1969) (right to a jury trial, to confront and cross-examine witnesses, and to the Fifth Amendment privilege against self-incrimination); *Faretta v. California,* 422 U.S. 806 (1975) (right to counsel). Movant waived his rights to appeal certain issues by reason of his guilty plea. By pleading guilty, Movant waived all non-jurisdictional issues. *United States v. Limley*, 510 F.3d 825, 827 (8th Cir. 2007). Thus, Grounds One Four and Six based on due process grounds, being non-jurisdictional claims, while discussed on the merits as well, *infra*, were waived though Movant's guilty plea. *Id.*

### Ground One: 18 U.S.C. § 922(g)(1) is Facially Unconstitutional in Violation of Article V, in that it Represents an Amendment to the Constitution Undertaken by Congress without Regard for the Ratification Process

The Eighth Circuit has repeatedly rejected Movant's Tenth Amendment Claim:

> We have repeatedly rejected constitutional challenges to § 922(g)(1). Recently, we upheld the constitutionality of § 922(g)(1) against a Commerce Clause challenge. *United States v. Shepherd,* 284 F.3d 965, 969 (8th Cir.2002). Accordingly, Gary's constitutional claim fails.

- 11 -

*United States v. Prior,* 107 F.3d 654, 660 (8th Cir.1997) (stating that one panel cannot overrule another).

*U.S. v. Gary,* 341 F.3d 829, 835 (8th Cir. 2003), cert. denied, 540 U.S. 1139 (2004).

"[H]olding that the statute is within the commerce power suffices also to dispose of defendant's Tenth Amendment argument" *United States v. Lewis*, 236 F.3d 948, 950 (8th Cir.2001). "If a power is delegated to Congress in the Constitution, the Tenth Amendment expressly disclaims any reservation of that power to the States. *New York v. United States*, 505 U.S. 144, 156,(1992).

Moreover, on June 26, 2008, the Supreme Court completely foreclosed Movant's Second Amendment and Article V constitutional challenge to this statute:

> Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. See, *e.g., Sheldon,* in 5 Blume 346; Rawle 123; Pomeroy 152-153; Abbott 333. For example, the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues. See, *e.g., State v. Chandler,* 5 La. Ann., at 489-490; *Nunn v. State,* 1 Ga., at 251; see generally 2 Kent *340, n. 2; The American Students' Blackstone 84, n. 11 (G. Chase ed. 1884). Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, *nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons* and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such

as schools and government buildings, or laws imposing conditions and
qualifications on the commercial sale of arms.

*District of Columbia v. Heller,* 2008 WL 2520816, 28 (June 26 ,2008).(Emphasis Added).

### Ground Two: The District Court was without Jurisdiction to Subject the Movant to a Trial and Penalty Because the Firearm in Issue was Not in or Affecting Interstate Commerce

Movant argues that this Court was without jurisdiction because, although the firearm was manufactured in a state other than Missouri, and had passed through interstate commerce at some point in time, during his possession, the firearm never passed through interstate commerce. This basis for the motion has been decidedly rejected by the Eighth Circuit. Evidence of a gun's manufacture in a separate state is sufficient to satisfy § 922(g)(1)'s interstate commerce nexus. *See United States v. Rankin,* 64 F.3d 338, 339 (8th Cir.1995) (per curiam) (finding that the government's evidence that a sawed-off shotgun possessed by a felon in Missouri was manufactured in New York satisfied § 922(g)(1)'s interstate commerce nexus). See also *United States v. Carter*, 270 F.3d 731, 734-35 (8th Cir.2001) (proof that firearm was manufactured in one state and recovered in another satisfies interstate commerce element; evidence was sufficient where firearms expert testified that firearm was manufactured in state other than state in which defendant possessed it). Moreover, any constitutional challenge to § 9229g)(1) in this regard is without

merit. *See United States v. Stuckey,* 255 F.3d 528, 529-30 (8th Cir.2001) (holding that § 922(g)(1) is a constitutional exercise of Congress' Commerce Clause power). *U.S. v. Abernathy*, 277 F.3d 1048, 1050-1051 (8th Cir. 2002).

### Ground Three: The District Court was Without Jurisdiction to Impose Sentence Upon the Movant because Congress has not Authorized an Advisory Only Sentencing Process and Without Congress the Court may not Act

Movant argues that the Court has no authority sentence under the guidelines as advisory. This argument is meritless and malignantly absurd. The Supreme Court, in *United States v. Booker*, 543 U.S. 220, 233 (2005), specifically addressed the Court's authority to sentence based on the advisory nature of the guidelines.

> If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. Indeed, everyone agrees that the constitutional issues presented by these cases would have been avoided entirely if Congress had omitted from the SRA the provisions that make the Guidelines binding on district judges .... For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.

*Booker*, 543 U.S. at 233 (citations omitted).

### Ground Four: Movant's Sentence was the Result of the District Court Increasing his Guideline Range Because

**of a Prior Conviction When Movant was a Juvenile that the Records
of the Proceedings Show Were Not Consistent with the
Requirements of the Constitution**

Movant claims that this Court should not have considered a prior conviction when he was a juvenile, prosecuted and convicted as an adult, because nothing in the record demonstrates that he was afforded the opportunity to discuss the charges with his parents. Movant claims his due process rights were violated by consideration of this conviction for enhancement purposes. As Respondent correctly argues, generally speaking, defendants may not collaterally attack prior convictions for sentencing enhancement purposes. *United States v. Garcia-Medina*, 497 F.3d 875, 878 (8th Cir. 2007); *United States v. Levering*, 431 f.3d 289, 295 (8th Cir. 2005); *Moore v. United States*, 178 F.3d 994, 997 (8th Cir. 1999). Movant's claim for relief under Ground Four is denied.

**Ground Five: Movant's Conviction and Sentence
was the Result of Movant having had Ineffective
Assistance of Counsel for his Defense so that
He did not Receive a Fair Trial as Contemplated
by the Sixth Amendment to the Constitution of the
United States of America**

Movant argues that counsel was ineffective for failure to raise the above issues. Because these issues are without merit, counsel cannot be said to have been ineffective under *Strickland*.

Furthermore, Movant contends that counsel was ineffective for failing to file an appeal of the Court's failure to grant a requested downward departure, and cause a dismissal of the appeal without affording Movant an intelligent understanding of the consequences of the appeal. Movant's claim is belied by his consent to dismissing the appeal:

> I, VENITO LYNN JOHNSON the Defendant-Appellant in the above captioned matter, after having been advised of my rights and ramifications of dismissing my appeal by my attorney, Timothy J. Farrell, have decided to withdraw my appeal, and I have instructed my attorney, Timothy J. Farrell, to dismiss the appeal in the above styled cause of action.

Movant cannot now claim that he did not understand that dismissing the appeal meant that he was foregoing any claims of error.

Movant also claims counsel was ineffective for failing to challenge the search warrant for his residence. This ground fails because Movant waived pretrial motions. Furthermore, Movant has not established that he was prejudiced by the absence of a motion to suppress. Movant has shown no prejudice to him by not having received a copy of the search warrant at the time of the search, *United States v. Zacher*, 465 F.3d 336 (8th Cir. 2006), nor has he shown that evidence existed to establish the unreliability of the confidential informant.

### Ground Six: Movant's Sentence was the Result of the Improper Calculation of Movant's Base Offense Level

### and Criminal History Category When the District Court Counted a Prior Conviction that should have been Excluded under § 4A1.2(d) because said Sentence was Imposed more than Five Years Prior to the Commencement of the Instant Offense

Movant claims he was denied due process and effective assistance of counsel because his October, 1992 conviction was counted in his criminal history category and his base offense level. Movant relies on an inapplicable guideline, and counting the prior offence is appropriate under both § 2K1.3(a) and § 4A1.2. All of the relevant events occurred less than fifteen years prior to the commission of the instant offense as detailed by Respondent. This basis for relief, is therefore denied.

### Conclusion

Based upon the foregoing analysis, none of the grounds upon which movant relies entitles him to relief.

### Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or

the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 2nd day of July, 2008.

_____
  HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE